**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:21CR00024 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JOSEPH N. HALL, WESLEY W.** | ) | JUDGE JAMES P. JONES |
| **HICKMAN, JOHN C. JOHNSON,** | ) | |
| **SR., and MARISSA L. KISER,** | ) | |
| | ) | |
| Defendants. | ) | |

In this criminal case the parties have filed motions in limine and evidentiary objections in advance of trial. A hearing was held, and the court took one of the motions and the objections under advisement. This Opinion and Order resolves them.

The defendants are charged with various offenses arising out of their alleged participation in a fraudulent scheme to obtain government benefit payments by the submission of applications to the Virginia Employment Commission falsely claiming that they had lost their jobs because of the COVID-19 pandemic.

Pretrial rulings on motions in limine and other evidentiary issues are generally conditional and a motion to reconsider may be made based upon events at trial or other changed circumstances. *United States v. Peterson*, No. 1:19CR00054, 2020 WL 5039504, at *1 n.1 (W.D. Va. Aug. 26, 2020).

I.     *Objections to Government's 404(b) Notice Regarding Drug Use.*

Defendants Hall and Johnson have objected to the government's Notices of

Intent under Federal Rule of Evidence 404(b).   In one Notice, the government

proposes to introduce evidence of the following at trial:

- Testimony by Danielle Chytka and Greg Tackett that they knew Marissa Kiser and Ms. Kiser's boyfriend (Curtis Mullins) through their common drug use activities; and

- Testimony by Danielle Chytka and Misty Evans that they knew one another and Joseph N. Hall through their common drug use activities.

Notice 1, ECF No. 606.    As to defendant Johnson, the government's other Notice

proposed to introduce evidence as follows:

- In his video-taped interview, the defendant [Johnson] told investigators that after he was released from jail, he went over to Greg Tackett's and Danielle Chytka's house on several occasions to do drugs and to "get high." . . . .

- In his video-taped interview, the defendant told investigators that he would get very small amounts of drugs from Greg Tackett following his release from jail. . . .

Notice 1, ECF No. 602.

While in its Notices the government asserts this testimony to be admissible

under Rule 404(b), at the hearing it contended that the testimony was primarily

admissible as intrinsic to the proof of a conspiracy, in order to establish the

relationship among the co-conspirators, Greg Tackett and Danielle Chytka being the

alleged leaders of the conspiracy.   I find that the evidence is admissible under this theory, rather than as proper Rule 404(b) evidence.

The defendants also object to the proposed testimony as unduly prejudicial under Federal Rule of Evidence 403.   I must thus consider whether the evidence "has the potential to cause undue prejudice, and if so, whether the danger of such undue prejudice substantially outweighs its probative value."   *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995) (internal quotation marks omitted).   This will not be the case "where such evidence did not involve conduct any more sensational or disturbing than the crimes with which the defendant was charged."   *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) (internal quotation marks and alteration omitted).   I do not find such evidence inadmissible under Rule 403.   Illegal drug use is common and hardly more disturbing than the crimes charged.   If requested, I may instruct the jury not to consider the defendants' drug use as proof of bad character.

II.    *Objection to Government's 404(b) Notice Regarding Guilty Conscience.*

Defendant Hickman has objected to the government's Notice of Intent to introduce evidence of his guilty conscience, ECF No. 604.   The evidence in question is a video visit between Hickman and a friend in which Hickman tells the friend that he has been talking with Jeff Tackett, another alleged leader of the

conspiracy, "trying to get Tackett to write something to say that he 'didn't know what it was' and that he was 'trying to play it cool and smart.'" *Id.*   Hickman contends that the evidence is inadmissible because it is too vague to apply to the charges in this case.

I have reviewed the video and I do not find it inadmissible at this point.   The government's evidence may likely provide the background circumstances to show the context of the defendant's statements.

### III.   Motion in Limine Regarding Brianna Johnson Video.

Defendant Johnson has filed a Motion in Limine seeking to exclude a video of a jail visit on December 14, 2020, between Brianna Johnson, a jail inmate, and Jeff Tackett.   Tackett attempts to persuade Johnson to submit an application for benefits, which she refuses, stating, "I'm not tryn'a to fuckin' catch no fed charges over that."   Mot. in Limine 2, ECF No. 636.   Brianna Johnson is not alleged to be a coconspirator.

I have reviewed the video and I will grant the Motion in Limine in part.   I will allow the initial introductory greeting between the two, and the statements by Tackett attempting to persuade Johnson to sign up for the scheme.   Assuming the government presents the predicate evidence, Tackett's statements would be admissible as coming from a coconspirator during and in furtherance of the

conspiracy.   Fed. R. Evid. 801(d)(2)(E).       However, I find that Johnson's

response is not admissible because it is not sufficiently relevant to the charges.   *Id.*

401.

*VI.   Conclusion.*

For the reasons given, it is **ORDERED** that (1) the objections to the

government's Notices of Intent, ECF Nos. 602, 604, and 606, are DENIED; (2)

Defendant Johnson's Motion in Limine, ECF No. 636, is GRANTED in part and

DENIED in part.

ENTER:   February 18, 2022

/s/ JAMES P. JONES
Senior United States District Judge